**Kenneth ALLEN, Plaintiff,**

v.

**Roger TROUNDAY, Defendant.**

**No. CV–R–84–365–ECR.**

United States District Court,
D. Nevada.

Feb. 23, 1987.

G.C. Backus, Reno, Nev., for plaintiff.

William G. Cobb, Reno, Nev., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

This is a civil rights action originally brought by plaintiff, Kenneth Allen, against the owners of the Red Garter Casino, Elko County, and Georgina Goebel, Justice of the Peace for the Eastline Township of Elko County. It was brought under 42 U.S.C. §§ 1983, 1985, 1986, 1988, and 1994. The gravamen of the complaint is that the owners of the Red Garter Casino conspired with Justice of the Peace Goebel to have plaintiff arrested because of his failure to pay a debt.

All parties moved the Court to dismiss the action. The Court treated the motions as motions for summary judgment. *See* Minute Order, February 11, 1985. The Court thereafter allowed submission of further documents in support of and in opposition to the motions. The Court ruled on the motions on June 28, 1985 (document # 23). In that Order, the Court dismissed the action as to all defendants to the extent based upon 42 U.S.C. §§ 1985, 1986, and 1994. Further, the Court ordered dismissal of all claims against defendants Mark Chilton, Ward Chilton, Gail Trounday, Steven Trounday, Clifton Louis, and Cheryl Smith. The only Red Garter Casino owner left in the case was Roger Trounday.

Subsequently, on October 16, 1985, the Court ordered that, pursuant to a stipulation among the parties, the action be dismissed as to defendants Georgina Goebel and Elko County (document # 32).

Thus, at this point, there is one defendant remaining in the case: Roger Trounday. The action against him is based upon 42 U.S.C. §§ 1983 and 1988.

On March 17, 1986, defendant Roger Trounday filed a Motion for Summary Judgment. That motion, essentially a renewal of the motion filed on October 5, 1984, and decided by the Court on June 28, 1985, is supported by evidence not before the Court when the earlier motion was decided. Therefore, the Court will entertain the new motion for summary judgment. *See Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.1979) ("A second motion for summary judgment is proper after a prior motion is dismissed, if supported by new material.") *See also* 6 Moore's Federal Practice ¶ 56.14[2] at 56–363 to 56–366 (2d ed. 1976). The most important new items of evidence submitted to the Court with the Motion for Summary Judgment are the Affidavit of Georgina Goebel and the Affidavit of Roger Trounday.

The alleged conduct of Trounday that is the basis of the plaintiff's § 1983 action is his involvement in a conspiracy with Goebel. If Trounday conspired with Goebel, then he may be found to have acted under color of law; that finding is necessary to plaintiff's cause of action under § 1983. *See Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). The alleged conspiracy between Trounday and Goebel is the only theory plaintiff asserts to establish that Trounday acted under color of law.

In his Motion for Summary Judgment, Trounday argues primarily that the evidence submitted establishes clearly that he did not conspire with Goebel to have plaintiff arrested. He further argues that, even if there is evidence sufficient to support a finding that there was a conspiracy between him and Goebel, the evidence shows clearly that the conspiracy did not cause the alleged violations of plaintiff's constitutional rights. On each of these points, Trounday argues that there is no genuine issue of material fact.

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The facts must be viewed and inferences drawn in the manner most favorable to the non-moving party. *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir.1983). The moving party has

the burden of demonstrating that he is entitled to summary judgment. *Id.*

■ In this case defendant Trounday has shown through depositions, answers to interrogatories, and affidavits that there is no genuine issue of fact concerning the existence of a conspiracy between Trounday and Goebel to have plaintiff arrested. Trounday has demonstrated clearly that no such conspiracy existed.

The first evidence that the conspiracy alleged by plaintiff did not exist is found in the deposition of Kenneth Allen, the plaintiff. When asked whether, to his knowledge, Trounday did anything to influence Justice of the Peace Goebel with regard to the payment of the debt by plaintiff, the plaintiff answered that he knew of no such influence. Deposition of Kenneth Lee Allen, page 89, lines 14–21. The plaintiff has no first-hand knowledge of events constituting the alleged conspiracy.

Further evidence is found in Georgina Goebel's Answers to Plaintiff's Interrogatories. In answering Interrogatory Number 15, Goebel said that she decided to issue the bench warrant for plaintiff's arrest on July 27, 1984, the day the warrant was actually issued. In answering Interrogatory Number 16, Goebel said that she spoke to no one about the issuance of the arrest warrant prior to issuing the warrant except possibly two deputy sheriffs and her clerk. In her answer to Interrogatory Number 20, Goebel stated that she never gave notice or promise to anyone that plaintiff would be subjected to charges before the date they were filed. Finally, in her answer to Interrogatory Number 25, Goebel stated that she did not discuss the matter of plaintiff's arrest with Roger Trounday prior to the issuance of the warrant for plaintiff's arrest.

The Court does note that in answering Interrogatory Number 18 Goebel stated: "I was informed on July 27, 1984, by someone that I cannot now recall, that Ken Allen was moving out of Wendover." That statement is defused, however, by the Affidavit of Georgina Goebel, on page three of which Goebel states that "[w]hile I was informed by someone that Ken Allen was

contemplating moving out of Wendover, and while I cannot recall exactly who it was who told me that, I do know it was *not* Roger Trounday who did so." Goebel goes on in the affidavit at page three: "As I have previously represented to this Court, I had no discussions with Roger Trounday prior to the issuance of the warrant of arrest for Ken Allen."

Also in the affidavit, at pages two through three, Goebel states:

I was influenced by no one associated with the Red Garter Casino in any way in reaching the decision to issue the warrant of arrest. No one from the Red Garter Casino, and specifically Roger Trounday, in any way asked or induced me to order the arrest of Ken Allen. I can further specifically state that Roger Trounday did not ask me or induce me to cite Mr. Allen for contempt of court or to have him arrested. Mr. Trounday did not ask me to have Mr. Allen "picked up." Nothing Roger Trounday did or did not do was a factor in reaching my decision to have Ken Allen arrested. As stated earlier, I reached the decision to issue the warrant of arrest as I deemed him to be in contempt of court for breaching his agreement with the court.

The other evidence showing that there was no conspiracy between Trounday and Goebel to have Allen arrested is found in the Affidavit of Roger Trounday. In that affidavit, Trounday states:

I said nothing to Justice of the Peace Goebel to induce Allen's arrest. I did not meet with her prior to her reaching her decision to arrest Mr. Allen and I specifically did not request Judge Allen to have Allen "picked up."

There is thus ample evidence directly supporting the position of Roger Trounday that he did not conspire with Justice of the Peace Goebel. There is practically no evidence indicating the existence of the alleged conspiracy.

As discussed above, there is the statement by Goebel in her answers to plaintiff's interrogatories that someone informed her that Allen was moving out of

Wendover; as discussed above, that statement was undermined as evidence of the alleged conspiracy by the Affidavit of Georgina Goebel, in which she said that it was not Roger Trounday who told her that Allen was moving.

There is also the plaintiff's "impression that maybe Mr. Trounday had put pressure on [Goebel]...." Deposition of Kenneth Lee Allen, page 52, lines 22–24. This is extremely weak evidence.

There is evidence that plaintiff once worked for the Red Garter but left that job; there is the belief on plaintiff's part that Trounday was upset at him for leaving. Deposition of Kenneth Lee Allen, page 22, lines 1–18. Any connection between that belief and an alleged conspiracy between Trounday and Goebel is speculation on plaintiff's part and little more.

There is the statement by plaintiff in his deposition that Ralph Powell, Steve Trounday, and Guy Clark came to plaintiff's place of employment, where plaintiff dealt cards, and made jokes and laughed. Deposition of Kenneth Lee Allen, page 95, lines 13–26, and page 96, lines 1–18. Plaintiff does not know what those three were saying or why they were laughing. Again, he merely speculates that those events had some connection to the conspiracy he alleges.

Last, there is the following statement of plaintiff, made in his deposition:

And then Gina [Goebel] told me, she goes, "Roger wanted you picked up—" She goes, "Roger wanted you picked up a week earlier"—Mr. Trounday I'm referring to, Roger Trounday—"but I thought I would wait until today to pick you up." I mean, out of the goodness of her heart she's going to wait a week, you know.

Deposition of Kenneth Lee Allen, page 48, lines 4–9. There, the plaintiff describes a past statement by Goebel which suggests an earlier statement by Roger Trounday.

■ Generally, only admissible evidence may properly be considered by a trial court in granting summary judgment. *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1335 n. 9 (9th Cir.1980);

*United States v. Dibble*, 429 F.2d 598, 601–602 (9th Cir.1970). *See also* Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and ...")

The statement made by plaintiff in his deposition poses a hearsay problem. There are actually two levels to the problem. The first level involves the statement suggested by the quote: the statement by Roger Trounday to Goebel that he wanted Allen picked up. The second level involves the statement by Goebel to Allen that Trounday wanted Allen picked up.

Plaintiff can easily move past the first level of the hearsay problem. The statement by Trounday to Goebel that he wanted Allen picked up is an admission of a party opponent, made by him personally. Under Fed.R.Evid. 801(d)(2)(A) such a statement is not hearsay.

■ The out-of-court statement by Goebel that Trounday wanted Allen picked up presents a more difficult problem. Plaintiff's best argument for the admissibility of that statement is that it is a statement of a coconspirator of a party during the course and in furtherance of the conspiracy. *See* Fed.R.Evid. 801(d)(2)(E). There are, however, two reasons why the statement is not admissible under Fed.R. Evid. 801(d)(2)(E). First, as discussed, *supra*, there is no substantial evidence that a conspiracy existed, other than the statement at issue. Coconspirator statements are admissible only if there is substantial independent evidence of the existence of the conspiracy. *United States v. Fleishman*, 684 F.2d 1329, 1337–1338 (9th Cir. 1982) *cert. denied*, 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982). Second, the statement does not appear to have been in furtherance of the alleged conspiracy. Not all statements made by coconspirators can be considered to have been made in furtherance of the conspiracy. *United States v. Eubanks*, 591 F.2d 513, 520 (9th Cir. 1979). Mere narrative declarations are not admissible as declarations in furtherance of the conspiracy. *Id.; United States v.*

*James,* 510 F.2d 546, 549 (5th Cir.1975) *cert. denied,* 423 U.S. 855, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975); *United States v. Birnbaum,* 337 F.2d 490, 495 (2d Cir.1964). The other arguments made for the admissibility of this evidence are without merit. The evidence at lines 4–9 on page 48 of the Deposition of Kenneth Lee Allen is hearsay and is, therefore, not admissible evidence. The Court disregards it in deciding this motion.

Thus, there is no substantial, admissible evidence of a conspiracy between Roger Trounday and Georgina Goebel to have plaintiff arrested. There is not a genuine issue of material fact regarding the existence of that alleged conspiracy. Defendant is entitled to judgment as a matter of law.

IT IS, THEREFORE, HEREBY ORDERED that defendant Roger Trounday's Motion for Summary Judgment (document # 33) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment in favor of defendants and against plaintiff.