JUAN GOMEZ, et al.,                    )      CIVIL ACTION NO. 87-0008
                                       )
         Plaintiffs,                   )
                                       )
    v.                                 )
                                       )
WESTERN EQUIPMENT, INC.,               )
                                       )
         Defendant,                    )
                                       )      DECISION AND ORDER
_____       )
                                       )
RUFINO M. VIRTUCIO                     )
                                       )
         Plaintiff,                    )
                                       )
    v.                                 )      CIVIL ACTION NO. 87-0010
                                       )
WESTERN EQUIPMENT, INC.,               )
                                       )
         Defendant.                    )
_____       )

THIS MATTER came before the Court on June 3, 1988, for hearing of plaintiffs' second motion for partial summary judgment.

The determination plaintiffs seek is simply stated: That employees working pursuant to the contract in dispute are given a private right to sue as third-party beneficiaries under the contract language which provides that the "contractor shall be liable to any affected employee for the amounts due...."

Defendant opposes the motion on several grounds. The first is that this present motion, no matter how styled by plaintiffs, is in reality a motion for reconsideration pursuant

**437**

to Local Rule 220-9. As such, it should fail because it does not comply with the local rule. Plaintiffs respond that their first motion for partial summary judgment was not "decided', and so this is not a reconsideration.

The Court finds defendant's argument more presuasive. However, case law supports the Court's decision to proceed to consider this second motion. See, e.g., Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118 (10th Cir. 1979) (trial judge should not be required to take a more roundabout way to arrive at an ultimately necessary judgment by refusing to entertain a second motion for summary judgment after he has ruled once the other way); Allen v. Trounday, 657 F.Supp. 780 (D.Nev. 1987) (Second motion, essentially a renewal of the first motion, was supported by evidence not before the Court when the earlier motion was decided). Also, see, generally, 6 Moore's Federal Practice § 56.14. Denial of an earlier summary judgment is not an appealable order. Fed. R. Civ. Pro. 54(b). It has no res judicata effect. United States v. Horton, 622 F.2d 144 (5th Cir. 1980).

Generally, a court will hesitate to rule more than once on the same motion. However, the strong policies favoring finality and judicial economy, together with the Court's inherent discretionary authority to reconsider a motion, counsel a decision. Here the fact, apparently uncontradicted, remains that Mr. Reyes was available to make his affidavit at the time of the first motion. Therefore, the Court and counsel have been

438

required to spend time preparing for the second hearing, which should not have been necessary. For this reason the Court will award defendant reasonable attorney fees for preparation and appearance at the second motion.

All counsel are again admonished that their personal belief that a fact "cannot be seriously disputed" or that an affidavit is "clearly incompetent" is held only at their client's peril.

Defendant's remaining challenges are to the sufficiency of Mr. Reyes' affidavit. Mr. Reyes stated unequivocally that he was competent to testify and had personal knowledge of the facts stated in the affidavit. He then went on to say that he was employed by defendant during the relevant time period and worked directly on one of the projects involved in this lawsuit. The Court cannot accept defendant's argument that more is needed. Since Mr. Reyes was employed by defendant, and since he worked on at least one of the projects involved, he is entitled to the determination sought. The Court finds that the language of the contract itself clearly enables this plaintiff (and the others, insofar as the evidence at trial reveals) to maintain this lawsuit. The statement that the contractor "shall be liable to any affected employee for the amounts due" is not reasonably susceptible to any other interpretation.

Yet to be resolved, of course, are all the matters of proof surrounding each plaintiff's claim that he worked on one or more of the relevant job-sites and was not paid in accordance

**439**

with the contract.  This decision merely states that a cause of action on the contract language is available to those who can show they worked on one or more of the projects and were not properly paid.

Plaintiffs' motion is GRANTED and defendant's attorney shall submit within ten days an affidavit in support of an award of attorney fees.

IT IS SO ORDERED.

DATED this _____ day of June, 1988.

_____
Alfred Laureta
Judge

440